## 8140.   STAFFORD & SON *v.* MEANS.

The original deed of conveyance executed by the defendant in 1910 to se- cure a debt required her to turn over 10 bales of rent cotton each year, and to pay at least one of the notes secured thereby, and pro- vided that in default of a compliance with these stipulations an agreed extension of five years within which to pay the indebtedness should be forfeited. A later deed of conveyance covering the same property and intended to secure not only the original indebtedness but a large in- crease thereof, while adopting all the terms and conditions of the con- tract of 1910, expressly provided that the debtor should "pay first" out of her rent notes and all her income and crops whatever sum, not secured by either deed, she might become indebted to the plaintiff on account of supplies furnished for the year 1912; and this stipulation was in direct conflict with the above-mentioned agreement in the con- tract of 1910, requiring a different disposition of rent notes, income, etc., and it nowhere appeared that the indebtedness of 1912 had ever been discharged, or that the debtor did not apply in settlement thereof her entire income and all the profits, rent notes, etc., derived from the "old Means place" or from her entire property. The conditions upon which a forfeiture of the time extension allowed by the contract of 1910 could be avoided were made impossible of performance by the ex- press provisions of the contract of 1912, and therefore the debtor could

not be held to have forfeited such extension. The trial judge correctly sustained the demurrer on the ground that the action was prematurely brought.

DECIDED FEBRUARY 16, 1917.

Complaint; from Monroe superior court—Judge Searcy. January 31, 1916.

*C. J. Lester,* for plaintiffs.

*R. L. Berner, J. B. McDonald,* for defendant.

WADE, C. J. Stafford & Son brought suit to the August term, 1915, of the superior court of Monroe county, against Mrs. Means, to recover $3,677.30 principal, besides interest and attorney's fees, on eight promissory notes of the defendant to the plaintiffs, four of which were dated June 13, 1910, and due on October 15, November 1, November 15, and December 1, 1910, respectively—the three first for $500 and the last for $507.30 principal, besides interest, etc.; and four others dated March 18, 1912, and due October 1, October 15, November 1, November 15, 1912, respectively, for $417.50 principal each, besides interest, etc. The indebtedness represented by the four notes first mentioned was secured by a deed of the same date to 303¼ acres of land therein described, intended to operate under the provisions of sections 3306, 3310, and 6037 of the Civil Code of 1910. This deed provided that the indebtedness represented by the notes should become due and payable as stated therein, and further provided as follows: "but in the event it is so desired on the part of the said Mrs. Means [the maker of the deed], she is to have five years in which to pay same in full, provided she shall make annual payments on the same of at least the amount of one of the said notes, thereby reducing said indebtedness each year." The contract further stipulated that Mrs. Means should "turn over and transfer to said Stafford & Son rent notes for 10 bales of lint cotton each year as a part of the security for the indebtedness" secured by the deed, and that "a failure to turn over and transfer the rent notes as herein above stipulated shall be a forfeiture of the right to have any of said notes or indebtedness extended over and beyond the date named therein. February 15th of each year shall be the date or last day on which to turn over and transfer said rent notes." On March 18, 1912, Mrs. Means executed and delivered to Stafford & Son another deed, covering the lands described in the deed of June 13,

1910, for the purpose of securing the four notes last mentioned above. This deed referred to the deed of June 13, 1910, and made the following recital: "And whereas I, the said Mrs. A. A. Means, desire to further secure the payment of the four promissory notes herein above mentioned, which is an additional indebtedness contracted and made with said Stafford & Son since the execution of the security deed above referred to, now, therefore, for and in consideration of said indebtedness, the extension of the payment thereof to the several dates named in said notes, and as well as for and in consideration of the sum of one dollar in hand paid, the receipt whereof is hereby acknowledged, I, the said Mrs. A. A. Means, do hereby grant, bargain, sell, alien, convey, and confirm unto the said Stafford & Son, their heirs, executors, and assigns, the said farm containing 303¼ acres, which is described above and is fully described in said deed dated June 13, 1910, and recorded June 16, 1910, in deed record 34, at pages 663, 664, in the office of the clerk of the superior court of Monroe county, Georgia, which deed and conveyance is hereby referred to and made a part of this contract and subject to and including all the terms, stipulations, and conditions named in said former deed of conveyance; and all the rights, options, powers, and privileges therein contained and provided are hereby referred to and adopted and made a part of this contract and conveyance. And it is fully understood and agreed that the said four notes which represent an existing indebtedness due by said Mrs. Means to said Stafford & Son shall be secured by and fall under the terms and stipulations of said conveyance as fully and completely and amply as if embodied in said deed, and said deed shall be of full force and virtue until the said indebtedness therein named, and that named herein as well, shall be fully paid off and discharged." The deed contained also the following further recitals and agreement: "It is further understood and hereby agreed, that, whereas I, the said Mrs. A. A. Means, am so indebted to said Stafford & Son in the way and manner herein above stated, aggregating approximately $4,000, which is very likely more than I can pay during the year 1912; I therefore hereby agree and bind myself, my heirs, representatives, and assigns, to pay first, out of all my crops, all my income, including ten bales of rent cotton from my old Means place, or from any other resources or income that I may have, all my indebtedness

to said Stafford & Son which shall be created or made the present year (and which is not secured by and under the terms of this contract and conveyance and the conveyance of June 13, 1910, which is a part of this contract), before requiring or asking that any payment made shall be credited upon the notes secured hereby. It is also further understood and agreed hereby that in view of the increased amount of my indebtedness to said Stafford & Son subsequent to the execution and delivery of the deed of 1910, and the necessity for a longer period of time in which to pay off all of said indebtedness, the said Stafford & Son agree to give said Mrs. Means two years, and if absolutely necessary three years, in addition to the five years stipulated in the said conveyance of 1910, in which to pay off and discharge all the indebtedness secured by this and the said 1910 conveyance."

The defendant interposed a demurrer, in which it was insisted, (1) that the petition did not state a case authorizing a recovery against the defendant; (2) that the petition showed on its face that the plaintiff was not entitled to institute a suit upon the alleged indebtedness; and (3) that the petition showed upon its face that the indebtedness sued upon was not due, "for the reason that the contract of March 18, 1912, was a new and distinct contract, in itself extending the time of payment two years in addition to the five years stipulated in the conveyance of 1910, 'in which to pay off and discharge all indebtedness secured by this and the said 1910 conveyance,' and it appears from the face of the pleadings that the said two years have not elapsed." The court sustained this demurrer; whereupon the plaintiff excepted and brought the case to the Supreme Court for review, and from that court the case was transferred to the Court of Appeals, under the recent amendment of the constitution.

The original contract allowed the maker of the security deed the full term of five years in which to pay the indebtedness thereby secured, but also required the debtor to turn over and transfer to Stafford & Son rent notes for ten bales of rent cotton each year, as a part of the security, and stipulated that upon a failure so to turn over and transfer these rent notes, "the right to have any of said notes or indebtedness extended over and beyond the due date named therein" should be forfeited. Under the contract of 1912 the original contract of June 13, 1910, was referred to

and made a part thereof, and the second contract was made, "subject to and including all the terms, stipulations, and conditions named in said former deed of conveyance;" and "the rights, options, powers, and privileges therein contained and provided" were adopted and made a part of the second contract, but there is an apparent conflict between the terms of that contract and the original contract. The original contract provided that a failure to turn over and transfer rent notes for ten bales of rent cotton each year on the indebtedness thereby secured would work a forfeiture of the right to have the notes secured by that deed extended beyond the maturity of each in 1910, and also made the grant of the five-year extension for the payment of the indebtedness thereby secured conditional upon the payment by the mortgagor of "at least the amount of one of the said notes." The agreement made in 1912 recognized by its recitals that the debtor would not during that year be able to pay the aggregate amount of $4,000 then due, and expressly bound the debtor as follows: "to pay first, out of all my crops, all my income, including ten bales of rent cotton from my old Means place, or from any other resources or income that I may have, all my indebtedness to said Stafford & Son which shall be created or made the present year (and which is not secured by and under the terms of this contract and conveyance and the conveyance of June 13, 1910, which is a part of this contract), before requiring or asking that any payment made shall be credited upon the notes secured hereby." It further provided that "in view of the increased amount of my indebtedness to said Stafford & Son subsequent to the execution and delivery of the deed of 1910, and the necessity for a longer period of time in which to pay off all of said indebtedness, the said Stafford & Son agree to give said Mrs. Means two years, and if absolutely necessary three years, in addition to the five years stipulated in the said conveyance of 1910, in which to pay off and discharge all the indebtedness secured by this and the said 1910 conveyance." This last provision of the contract is not necessarily in conflict with any provision in the contract of 1910, but the agreement binding the debtor to "pay first" out of all her crops and income "including ten bales of rent cotton from [her] old Means place, or from any other resources or income that [she] may have," all her indebtedness to Stafford & Son which shall be created or made during the year 1912, "be-

fore requiring or asking that any payment made shall be credited upon the notes secured" by the contract of 1912, is plainly in conflict with the agreement of 1910, which required the debtor to turn over rent notes for ten bales of cotton each year, and also to reduce the indebtedness secured by the contract of 1910 by the payment of at least one of the notes therein described each year, since it required her to pay this identical cotton first upon her indebtedness for the year 1912, not secured by the deed of 1910 or of 1912, and made it impossible to pay off one of the notes annually until after payment of the indebtedness created in 1912 and not covered by the deeds. The plaintiff therefore could not declare a forfeiture because of the failure of the defendant to comply with requirements in the contract of 1910, which the contract of 1912 took it out of her power to perform; and therefore the default under the provisions of the contract of 1910 could not work a forfeiture of the right to extension therein provided for. Also, notwithstanding the recital in the contract of 1912 that all the provisions of the contract of 1910 are embraced and embodied therein, the latter contract contains an express agreement (based upon the fact, therein stated, that the indebtedness of the defendant was largely increased after the execution of the deed of 1910, and a necessity for a longer period of time in which to pay off the indebtedness had therefore been created) that Stafford & Son would give Mrs. Means two years, "and if absolutely necessary three years, in addition to the five years stipulated in the conveyance of 1910, in which to pay off and discharge all the indebtedness secured by this and the said 1910 conveyance." If the condition in the contract of 1910 which required the debtor to turn over and transfer rent notes for ten bales of cotton, and to pay off in full one of the notes thereby secured each year, was ingrafted upon and made a part of the contract of 1912 in order to prevent the forfeiture of the privilege of an extension of five years therein granted, it must be considered in connection with all the terms of the latter contract; and the provision in the contract of 1912 requiring the debtor to pay first another debt out of all her crops and income, including ten bales of rent cotton from the old Means place (described in both security deeds), might absolutely preclude the possibility of complying with the above-mentioned terms of the contract of 1912.

It is not alleged by the plaintiff that the indebtedness of 1912 had been in fact paid by Mrs. Means, the debtor, and that there remained in her hands thereafter any rent notes not turned over in compliance with the contract of 1910; or, in other words, it does not appear that the entire income and all the rent notes of the debtor were not consumed in discharging the indebtedness which was incurred in 1912. So far as appears from the pleadings, the contract of 1912 took it absolutely out of the power of the debtor either to deliver over the rent notes for ten bales of cotton as· additional security each year, or to make annual payments on her indebtedness of at least the amount of one of the notes described in the security deed. The contract of 1912 amounted, therefore, to a novation of the contract of 1910, in so far as· the two were in conflict; and since the forfeiture provided for could not operate, and the right of action had not otherwise accrued at the time the suit was brought (the original five years and the additional three years not having then expired, and no sufficient facts being pleaded to show any forfeiture of the right to extension provided for by both contracts), the action was prematurely brought.

*Judgment affirmed. George and Luke, JJ., concur.*